Jenny Tuffnell, Esq. (135902)
Law Office of Spunaugle & Tuffnell
2655 Appian Way
Pinole, CA 94530
Tel: (510) 758-7703
Fax: (510) 758-7793
Email: jenny@spunaugle.com

Attorney for Debtor
MARY MIMS WILLIAMS

UNITED STATES BANKRUTPCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MIMS WILLIAMS,<br><br>    Movant,<br><br>vs.<br><br>BLB TRADING LLC,<br><br>    Respondent. | Case No.: 09-71937<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES FOR VALUATION OF DEBTOR'S RESIDENCE AND AVOIDANCE OF JUNIOR TRUST DEED** |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### JURISIDICTION

1. Jurisdiction is conferred on the Court pursuant to the provisions of 28 USC 1334 in that hat this proceeding arises from and is related to the above-captioned case under Title 11.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 UASC 157(b) (2), respectively.

3. This is a core proceeding.

4. This Court also has jurisdiction pursuant to 28 USC 1331 in light of the Federal Subject Matter of 11 USC 1322.

5. Venue lies in this District pursuant to 28 USC 1391(b).

6. Proceedings to strip wholly unsecured deeds of trust are proper via <u>motion</u> or <u>plan provision.</u> See <u>In re Pereira</u>, (08-03059) Southern District of California 8/28/08; <u>In re Millspaugh</u>, 302 B.R. 90.

## II.
## PARTIES

7. MARY MIMS WILLIAMS ("Movant") is a Debtor under Title 11 of the United States Code.

8. BLB TRADING ("Respondent"), is a "creditor" as defined by 11 USC 101(10) and holds a "claim" as defined by 11 USC 101(5), in Movant's Bankruptcy Case.

9. Respondent is the alleged owner and claimant of a junior lien on real property at 210 South Wildwood, Hercules, CA 94547. ("Residence").

## II.
## FACTS

10. The Movant filed her Chapter 13 Petition December 14, 2009.

11. On February 17, 2010, debtor's counsel went to the CyberHome Valuation Site and Zillow (another well-known home valuation site) and entered the address of debtor's residence which is 210 South Wildwood, Hercules, CA 94547. Cyber Home Loans values the property at approximately $221,057 on the low end and $282,461 on the high end. Zillow values the property at $264,500. These values are based on the real

estate market in the area and on comparables in the neighborhood. Debtor's opinion is that the home is valued at approximately $250,000. (Detail of Cyberhomes Valuation Site and Zillow attached as Exhibit 'A'.)

12. The Residence is encumbered by a first mortgage in an approximate amount of $523,956. (Copy of Debtor's statement from (Wamu now Chase Bank attached as Exhibit "B").

13. Since the claim of the first mortgage exceeds the value of the personal residence and itself if under-secured, Respondent's lien is likewise wholly under-secured.

## II.
## ARGUMENT

14. The Movant makes this motion under F.R. Bankr. P. 3012 which provides:

> The Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

15. Pursuant to Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, (9th Cir.Cal. 2002), a wholly unsecured lienholder is not entitled to the "anti-modification" protections of 11 USC § 1322(b) (2).

16. 11 USC 1322 (b)(2) provides in pertinent part that a Chapter 13 Plan may:

> "modify the rights of holders of secured claims, other than a claim Secured only by a security interest in real property that is the debtor's Principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

17. 11 USC 506 provides in pertinent part:

**(1)** An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so

subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

**d)** To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

**(1)** such claim was disallowed only under section 502 (b) (5) or 502 (e) of this title; or

**(2)** such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

18. Paragraph 7 of Movant's Chapter 13 Plan provides notice that an action will be filed to void Respondents Junior lien on real property. (Copy of Debtor's Plan attached as Exhibit "C".)

19. Respondent is no longer the holder of a "secured claim", since no claims exist against any value in the Residence after the first mortgage.

20. Respondent has no valuable interest whatsoever in the Movant's Residence securing its alleged claim.

21. The second mortgage, for all intents and purposes, is wholly unsecured.

22. Respondent in not the *"holder of a secured claim"* 11 USC 506(a).

23. Respondent's lien secures a claim against the Residence that is **not an allowed secured claim.**

**24.** Respondent's Junior lien is **void** pursuant to 11 USC 506(d).

**WHEREFORE,** Movant respectfully prays for relief as follows:

A. Declaratory Relief valuing the residence at $250,000.

B. Declaratory Relief that Respondent's lien is VOID per 11 USC 506(d);

C. Declaratory Relief that if a proof of claim is timely filed by Respondent and allowed, that

it is an unsecured general claim;

D. Such other and further relief as the Court may deem just and proper.

Dated: February 22, 2010

              Respectfully submitted,

              *Jenny Tuffnell*
              Jenny Tuffnell
              Attorney for Debtor
              MARY MIMS WILLIAMS